# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 22-1348V
UNPUBLISHED

| | |
|---|---|
| BRIAN SHAW,<br><br>                     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 12, 2024<br><br>Special Processing Unit (SPU);<br>Ruling on the Record; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Joseph Alexander Vuckovich, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On September 21, 2022, Brian Shaw filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU"). Although entitlement was conceded, the parties were unable to resolve damages informally, so they agreed instead to submit this dispute for resolution at an expedited "Motions Day" hearing, which took place on October 25, 2024

For the reasons described below, I award **$43,000.00** for actual pain and suffering, **$858.89** for out-of-pocket expenses, and **$189.66** for travel expenses.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

## I.    Fact Evidence

Mr. Shaw received a flu vaccine in his left shoulder on October 15, 2020. Ex. 1 at 1. He reported shoulder pain in an email to another employee on October 26, 2020, linking it to the vaccination. Ex. 7 at 1. He was seen for left shoulder soreness from the flu shot on October 27, 2020, and by an orthopedist on November 2, 2020. Ex. 8 at 1, Ex. 4 at 5-6. The orthopedist recommended that Petitioner wait one month before seeking more care such as an MRI. *Id.*

Petitioner next complained of left shoulder pain months later, on May 4, 2021. Ex. 2 at 6. He did not report pain at night, but with overhead activities and exercise. *Id.* His pain was reported as a one out of ten, but eight out of ten at worst. *Id.* An MRI on May 12, 2021, showed tendinosis, a small tear, and bursitis. Ex. 2 at 12-13, 20-21.

Petitioner was seen on May 14, 2021, for shoulder pain. Ex. 2 at 12-13. Physical therapy was recommended. However, Petitioner stated in a declaration that "I have had physical therapy in the past for an old knee injury … but I did not find it helpful. Additionally, pursuing physical therapy would have been financially draining. For these reasons, I decided to participate in a home exercise plan instead of formal physical therapy for my shoulder." Ex. 6 at 4.

## II.    Damages

Petitioner argues that he is entitled to $62,500.00 for pain and suffering and $1,048.55 for out-of-pocket expenses, including $189.66 for travel expenses. Memorandum in Support of Petitioner's Motion for Findings of Fact and Conclusions of Law Regarding Damages ("Pet. Br."), ECF No. 42, at 11, 12. Respondent counters that $40,000.00 is an appropriate reward for pain and suffering in this case, and $54.63 for travel expenses. Respondent's Brief on Damages ("Opp."), ECF No. 43, at 1-2. He does not contest the $858.89 for out-of-pocket expenses. Opp. at 2 n.1.

After listening to the arguments of both sides, I orally announced my ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A), at the conclusion of the October 25, 2024 hearing. An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded.

In a recent decision I discussed at length the legal standards to be considered in determining damages and prior SIRVA compensation within SPU. I incorporate herein my prior discussion in Sections V - VII of *Crawford v. Sec'y of Health & Hum. Servs.*, No.

19-0544V, 2024 WL 1045147, at *20-22 (Fed. Cl. Feb. 5, 2024) to the instant Ruling and Decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my resolution of this matter.

### III.    Appropriate Compensation for Pain and Suffering

In this case, awareness of the injury is not disputed. The record reflects that at all times Mr. Shaw was a competent adult with no impairments that would impact the awareness of his injury. Therefore, my analysis focuses primarily on the severity and duration of Petitioner's injury. When performing this analysis, I review the record as a whole, including the medical records and affidavits filed, all assertions made by the parties in written documents, and the arguments presented during the Motions Day hearing.

Petitioner cites to a number of SIRVA damages decisions that awarded between $60,000.00 to $65,000.00 for pain and suffering. Pet. Br. at 9-12.[3] Petitioner argues that his treatment involved three years of at-home physical therapy, an x-ray, an MRI, and three physician appointments. Respondent, by contrast, argues that Petitioner's SIRVA was mild, involved limited treatment over seven months, and a six-month gap in treatment. Opp. at 9-11. In support, he cites to four cases awarding between $37,500.00 and $45,000.00 for pain and suffering. *Id.* at 13-17.[4]

The record in this case best supports the conclusion that Mr. Shaw suffered a mild SIRVA for approximately seven months. There was also a gap in treatment, limited documentation of pain levels, and limited treatment in general. Petitioner's total treatment consisted of an MRI, an x-ray, three doctor's appointments, and an at-home exercise program for physical therapy.

I note that the cases cited by Petitioner involve damages awards in excess of what is appropriate here, while those cited by Respondent are more comparable. In *Mejias,* for example, the petitioner had a mild SIRVA, reported moderate range of motion limitations

---

[3] *Dagen v. HHS,* No. 18-442V, 2019 WL 7187335 (Fed. Cl. Spec. Mstr. Nov. 6, 2019) (awarding $65,000 for pain and suffering); *Foster v. HHS,* No. 21-647V, 2024 WL 1073009 (Fed. Cl. Spec. Mstr. 2024) (awarding $60,000 for pain and suffering); Aponte v. HHS, No. 20-1031V, 2022 WL 4707180 (Fed. Cl. Spec. Mstr. Sep. 2, 2022) (awarding $60,000 for pain and suffering).

[4] *Ramos v. HHS*, No. 18-1005V, 2021 WL 688576, at *5 (Fed. Cl. Spec. Mstr. Jan. 4, 2021) (awarding $40,000 in pain and suffering); *McGraw v. HHS,* No. 21-72V, 2024 WL 1160065 (Fed. Cl. Spec. Mstr. Feb. 15, 2024). (awarding $37,500 for pain and suffering); *Valdez v. HHS,* No. 21-394V, 2024 WL 1526536 (Fed. Cl. Spec. Mstr. Feb. 28, 2024) (awarding $37,500 for pain and suffering); *Mejias v. HHS,* No. 19-1944V, 2021 WL 5895622 (Fed. Cl. Spec. Mstr. Nov. 10, 2021) (awarding $45,000 for pain and suffering).

and pain ten months with significant pain for three months. *Id.* Additionally, the petitioner in *Mejias* did not attend any physical therapy sessions. Here, Mr. Shaw treated for even less time, and did no report any significant pain.

Balancing the severity of Petitioner's SIRVA injury and the course of treatment against awards made to similarly-situated Program petitioners, I find that **$43,000.00** in compensation for actual pain and suffering is reasonable and appropriate in this case (plus the agreed-upon unreimbursed medical expenses).

## IV.    Unreimbursed Out-Of-Pocket Expenses

Petitioner also seeks $189.66 for travel expenses, in particular mileage associated with his care, which was calculated using the business rate. Pet. Br. at 12. Respondent argues that the appropriate calculation should rely on a tax code-related "medical rate," which would result in an award of $54.63. Res. Br. at 17-21. As set forth in my recent decision, *Gibson v. Sec'y of Health & Hum. Servs.*, No. 20-0243V, 2022 WL 17820891, at *12 (Fed. Cl. Nov. 16, 2022), however, it remains my determination that the higher business rate is properly applied in the context of Vaccine Act cases. Therefore, based on the above, I award $189.66 for Petitioner's travel expenses.

## Conclusion

For all of the reasons discussed above, and based on consideration of the record as a whole, **I find Petitioner is entitled to compensation. Further, I award Petitioner a lump sum payment of $44,048.55 (consisting of $43,000.00 for actual pain and suffering, and $1,048.55 in total out-of-pocket expenses) in the form of a check payable to Petitioner.**

This amount represents compensation for all items of damages that would be available under Section 15(a). The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.