# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 22-1348V

|  |  |
|---|---|
| BRIAN SHAW,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 30, 2025 |

*Joseph Alexander Vuckovich, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 21, 2022, Brian Shaw filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. On November 12, 2024, I issued a decision awarding damages following briefing and expedited Motions Day argument by the parties. ECF No. 48.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $83,690.18 (representing $82,408.50 for fees and $1,281.68 for costs). Petitioner's Application for Fees and Costs filed Dec. 3, 2024, ECF No. 55. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 55-4.

Respondent reacted to the motion on December 17, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion ("Response") at 2-3, 3 n.2, ECF No. 57. December 19, 2024, Petitioner filed a reply, noting that "Respondent has not submitted evidence or argument in opposition." Petitioner's Reply to Response at 2, ECF No. 58.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, one task performed by Elizabeth Abramson (an associate at the firm) is more properly billed using a paralegal rate. ECF No. 55-2 at 12 (entry dated 9/15/22). "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $14.60.**[3]

Regarding the number of hours billed, I note this case required additional briefing regarding the issues of situs, severity, and damages. Petitioner's counsel expended approximately 9.7 hours drafting the damages brief and 11.2 hours drafting the reply damages brief, for a combined total of 20.9. ECF No. 55-2 at 33-35; *see* Status Report, filed June 26, 2024, ECF No. 41 (reporting an impasse in the parties' damages discussions); Petitioner's Motion for Findings of Fact and Conclusions of Law Regarding Damages ("Motion"), filed July 12, 2024, ECF No. 42; Petitioner's Reply Memorandum in Support of Motion, filed Aug. 13, 2024, ECF No. 45; Minute Entry, dated Nov. 12, 2024 (for Oct. 25, 2024 expedited hearing). I find the time expended related to damages briefing and argument to be reasonable.

However, I deem the *total* amount expended to brief the entitlement issues of situs and severity to be excessive. Petitioner's counsel expended approximately 8.2 hours drafting the motion and 56.5 drafting the reply, for a combined total of 64.7.[4] ECF No. 55-

---

[3] This amount consists of ($250 - $177) x 0.2 hrs. = $14.60.

[4] This total is calculated as follows: 61.6 hours billed on 2/24/23, 2/28/23, 3/1/23, 3/3/23, 3/15/23 (three entries), 3/17/23, 3/20/23, 3/24/23, 3/27/23, 4/18/23, 4/19/23 (two entries), 4/20/23 (two entries), 4/21/23 (two entries), 4/24/23 (two entries), 5/30/23, 5/31/23, 6/1/23 (two entries), 6/2/23 (two entries), 6/5/23, 6/6/23 (two entries), 6/7/23, and 6/21/23, by Elizabeth Abramson at a rate of $295; 0.5 hours billed on

2 at 13-16, 19-20; *see* Petitioner's Motion for Findings of Fact, filed Mar. 3, 2023, ECF No. 13; Petitioner's Reply to Respondent's Opposition to Petitioner's Motion for Findings of Fact, filed June 22, 2023, ECF No. 23. Of this time, 13.9 hours were spent on general research, not usually reimbursed. ECF No. 55-2 at 15-16 (entries dated 3/24/23, 3/27/23, 4/18/23, and 4/19/23). "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No. 14-1111V, 2016 WL 2853910, at \*2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Hum. Servs.*, No. 04-1500V, 2007 WL 2241877, at \*5 (Fed. Cl. Spec. Mstr. July 13, 2007). **This reduces the amount of fees to be awarded by $4,100.50.[5]**

Regarding the remaining time (50.8 hours), it is unreasonable for counsel to spend so much time briefing the issue of severity in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[6] in which attorneys have accomplished this task in about half the time.[7]

---

2/24/23, by Jessica Olins at a rate of $320; 0.4 hours billed on 3/3/23 and 3/15/23, by paralegal Chelsea Harris at a rate of $180; 0.4 hours billed on 3/15/23, by Danielle Strait at a rate of $450; and 1.8 hours billed on 6/14/23 (two entries), by Joseph Vuckovich at a rate of $415. ECF No. 55-2 at 13-16, 19-20.

[5] This amount consists of $295 x 13.9 hrs. = $4,100.50.

[6] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[7] *See,* e.g., *Beyer v. Sec'y of Health & Hum. Servs.*, No. 21-0101V (Dec. 30, 2024) (14.3 hours billed for drafting a motion for a fact ruling); *Collins v. Sec'y of Health & Hum. Servs.*, No. 20-1715V (Dec. 27, 2024) (15.2 billed for drafting an entitlement brief and 0.7 hours to review Respondent's response); *Lucey v. Sec'y of Health & Hum. Servs.*, No. 21-0418V (Sept. 30, 2024) (14.1 and 6.8 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Washburn v. Sec'y of Health & Hum. Servs.*, No. 21-0481V (Sept. 26, 2024) (12.8 hours billed for drafting an entitlement brief); *Fletcher v. Sec'y of Health & Hum. Servs.*, No. 20-0127V (Apr. 25, 2024) (12.7 and 9.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Lamine v. Sec'y of Health & Hum. Servs.*, No. 20-1560V (Mar. 27, 2024) (8.9 and 7.2 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Davenport v. Sec'y of Health & Hum. Servs.*, No. 20-0206V (Mar. 25, 2024) (16.5 and 2.6 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Graczyk v. Sec'y of Health & Hum. Servs.*, No. 21-0376V (Feb. 9, 2024) (5.8 and 8.3 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Sisneros v. Sec'y of Health & Hum. Servs.*, No. 20-2070V (Feb. 8, 2024) (0.8 and 10.5 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Strand v. Sec'y of Health & Hum. Servs.*, No. 20-0365V (Feb. 5, 2024) (7.9 and 7.2 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Griswold v. Sec'y of Health & Hum. Servs.*, No. 19-1674V (May 30, 2024) (5.0 and 2.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *McCallum v. Sec'y of Health &*

The Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement damages briefing (**a total of 50.8 hours, or $15,230.50**) by *thirty percent.* Such an across-the-board reduction (which I am empowered to adopt)[8] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $4,569.15.[9]**

## ATTORNEY COSTS

Petitioner requests $1,281.68 in overall costs and has provided receipts for all expenses. ECF No. 55-3. I have reviewed the requested costs and find them to be reasonable. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$75,005.93 (representing $73,724.25 for fees and $1,281.68 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[10]

---

*Hum. Servs.*, No. 19-1991V (May 19, 2023) (8 hours billed for drafting an entitlement brief); *Weso v. Sec'y of Health & Hum. Servs.*, No. 19-0596V (May 16, 2024) (6.0 and 1.1 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 7, 2024).

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[9] This amount is calculated as follows: (47.7 hrs. x $295 x .30) + (0.5 hrs. x $320 x .30) + (0.4 hrs. x $180 x .30) + (0.4 hrs. x $450 x .30) + (1.8 hrs. x $415 x .30) = $1,113.70.

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master